IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:13-CR-21-RWS-JCF |
| AMY B. WILLIAMS, | : | |

## ORDER AND REPORT AND RECOMMENDATION

This case is before the Court on Defendant's Motion For Order Pursuant To 18 U.S.C. § 207 (Doc. 83), Motion For Bill Of Particulars (Doc. 91), and Motion and Supplemental Motion To Dismiss Indictment Based On Pre-Indictment Delay (Docs. 103, 118).

## Procedural History

An Indictment filed July 16, 2013 (Doc. 1) charged Defendant with one count of conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 1344 and 1349 along with six counts of bank fraud in violation of 18 U.S.C. § 1344, arising from Defendant's alleged scheme to defraud First Coweta Bank. The case was certified ready for trial on November 14, 2013 (*see* Doc. 16) and after multiple requests for continuances by Defendant (*see* Docs. 20, 29, 32, 51), the Court scheduled the case for trial on December 7, 2015 (*see* August 10, 2015 and

1

October 23, 2015 docket entries).[1]  On September 1, 2015, the Government filed a Superseding Indictment (Doc. 58), again charging Defendant with one count of conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 1344 and 1349 and six counts of bank fraud in violation of 18 U.S.C. § 1344, based on the alleged scheme to defraud First Coweta Bank.

On November 18, 2015 the Government filed a Second Superseding Indictment (Doc. 84).  Count 1 charges that from January 2007 through August 2008, Defendant conspired "with L.L., D.W. and with other persons known and unknown to the Grand Jury to commit bank fraud by knowingly executing and attempting to execute a scheme and artifice to defraud Southern Community Bank and First Coweta Bank, and to obtain moneys and funds owned by Southern Community Bank and First Coweta Bank, by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, in violation of" 18 U.S.C. §§ 1344 and 1349.  (*See* Doc. 84 at ¶¶ 1-18). Counts 2 and 3 charge Defendant with bank fraud related to the 2007 use of loan proceeds from Southern Community Bank (Count 2) and from First Coweta Bank (Count 3).  (Doc. 84 at ¶¶ 19-21).  The Court granted Defendant's motion to continue the December 7, 2015 trial in light of the Second Superseding Indictment

---

[1] The Government filed motions in limine before the then-scheduled trial date of September 1, 2015.  (*See* Docs. 50, 53).  District Judge Richard W. Story held a hearing on those motions on July 31, 2015 and took them under advisement.  (*See* Doc. 54).

(*see* Docs. 89, 90), and the trial has now been specially set for August 1, 2016 (*see* February 22, 2016 docket entry).

Defendant has filed a Motion For Order Pursuant To 18 U.S.C. § 207 (Doc. 83), Motion For Bill Of Particulars (Doc. 91), and Motion and Supplemental Motion To Dismiss Indictment Based On Pre-Indictment Delay (Docs. 103, 118). With briefing on those motions now complete (*see* Docs. 93, 98, 107, 117, 120, 122), the undersigned turns to their merits.

## Discussion

### I.   Motion For 18 U.S.C. § 207 Order (Doc. 83)

Defendant moves the Court to issue an order:

> finding that 18 U.S.C. § 207(a)(1) does not apply to defense consultant and witness Phillip Robertson but that even if § 207(a)(1) does apply that Mr. Robertson is directed to testify as an expert, if so qualified at trial, pursuant to § 207(j)(6)(A).

(Doc. 83 at 1).  18 U.S.C. § 207(a)(1), part of the Ethics in Government Act, provides:

> Any person who is an officer or employee (including any special Government employee) of the executive branch of the United States (including any independent agency of the United States), or of the District of Columbia, and who, after the termination of his or her service or employment with the United States or the District of Columbia, knowingly makes, with the intent to influence, any communication to or appearance before any officer or employee of any department, agency, court, or court-martial of the United States or the District of Columbia, on behalf of any other person (except the United States or the District of Columbia) in connection with a particular matter—

3

(A) in which the United States or the District of Columbia is a party or has a direct and substantial interest,

(B) in which the person participated personally and substantially as such officer or employee, and

(C) which involved a specific party or specific parties at the time of such participation, shall be punished as provided in [18 U.S.C. § 216].

18 U.S.C. § 207(a)(1).

The parties represent the following in connection with Defendant's motion: Mr. Robertson was an agent for the Office of the Inspector General for the Federal Deposit Insurance Corporation (FDIC) until December 31, 2011. (Doc. 83 at 1; Doc. 93 at 4). In his capacity as an FDIC agent, Mr. Robertson was involved in the investigation and prosecution of Andrew John Smith, an employee of Defendant's business United International Mortgage Corporation (UIM), i.e., he served a grand jury subpoena and interviewed witnesses in Tennessee in June 2008 in relation to Smith's investigation. (Doc. 83 at 3-4). Robertson has been assisting defense counsel "in investigating and preparing to defend the present case at trial." (Doc. 83 at 1). On September 1, 2015, the Government forwarded to defense counsel an email from John Davidovich, Counsel to the Inspector General, FDIC Office of Inspector General, "indicating that because Mr. Robertson was 'personally and substantially involved in a closely related matter' as a FDIC agent to the present case, should Mr. Robertson testify as an expert witness for the defense at trial in the present case he may be in violation of 18 U.S.C. § 207 and face prosecution

thereof." (Doc. 83 at 1; Doc. 93 at 4). On September 2, 2015, the Government sent defense counsel an email "stating that after further discussions between the Government and Mr. Davidovich, that the Government and Mr. Davidovich determined that the potential application of 18 U.S.C. § 207 would apply to any testimony given by Mr. Robertson in the present case." (Doc. 83 at 1-2; Doc. 93 at 4). These issues were raised during a September 28, 2015 pretrial conference, at which time the Government indicated it was not taking a position on any future prosecution under 18 U.S.C. § 207. (Doc. 83 at 2; Doc. 93 at 5).

Defendant and Mr. Robertson "seek to have the Court resolve this matter in advance of trial in order that Mr. Robertson may continue to assist in trial preparation, to have Robertson available to testify at trial as a witness, lay or expert, for the defense, or, in the alternative, to seek a suitable replacement, which would result in further delay to [Defendant's] trial." (*Id.* at 2). Defendant asserts that Robertson's testimony in this case would not violate 18 U.S.C. § 207 because: "(i) lay witness testimony is not prohibited; (ii) Robertson did not participate personally in the same matter as a federal employee as the present case; and (iii) Robertson was not 'substantially involved' in Smith's case." (*Id.* at 4). Defendant asks that the Court "[g]rant the present motion finding that 18 U.S.C. § 207 is not applicable to Robertson and/or directing Mr. Robertson to testify as an expert." (*Id.* at 7).

5

The Government contends that by seeking a determination that 18 U.S.C. § 207(a) does not apply to Robertson, Defendant "asks this Court to infringe on the exclusive province of the prosecution to decide the terms on which it will bring criminal indictments." (Doc. 93 at 1-2). Nevertheless, the Government asserts that it "contacted defense counsel soon after Williams filed her motion and inquired about Robertson's potential testimony." (*Id.* at 6). According to the Government, defense counsel represented that Defendant "intends to use Robertson as a witness in two possible ways: (1) to impeach the testimony of Government witnesses to the extent that their testimony differs from what they told Robertson during interviews; and (2) to provide expert 'rebuttal' testimony regarding 'general industry standards.' " (*Id.*). The Government "does not object to Robertson testifying for impeachment purposes, as specified above, as long as such testimony is factually limited to what Robertson learned during his interviews of the witnesses, and is not based on information he learned while working as a Government agent on related cases." (*Id.* at 7). The Government further asserts, however, that if Defendant "calls Robertson as an expert, . . . his testimony may be subject to 18 U.S.C. § 207." (*Id.*). The Government also contends that Defendant has provided "no authority or reason" for the Court to issue an order directing Robertson to testify as an expert pursuant to 18 U.S.C. § 207(j)(6)(A). (*Id.*).

A.    **Applicability of 18 U.S.C. § 207(a)(1)**

6

Defendant requests that the Court issue an order "finding that 18 U.S.C. § 207(a)(1) does not apply" to Mr. Robertson regardless of whether he provides lay or expert testimony, presumably to alleviate Robertson's concern that he might face the criminal and civil penalties set forth in 18 U.S.C. § 216 if he testifies in this case.  (*See generally* Docs. 83, 98).   The Government has represented in response to Defendant's motion that it "does not contend that 18 U.S.C. § 207 applies to testimony Robertson may give for impeachment purposes," as described in the Government's response, i.e., "as long as such testimony is factually limited to what Robertson learned during his interviews of the witnesses, and is not based on information he learned while working as a Government agent on related cases." (Doc. 93 at 7-8).   Based on those representations, the undersigned **RECOMMENDS** that Defendant's motion be **GRANTED** to the extent that the Government has agreed that 18 U.S.C. § 207 does not apply to Robertson's impeachment testimony that "is factually limited to what Robertson learned during his interviews of the witnesses, and is not based on information he learned while working as a Government agent on related cases." *Id.*

To the extent that Defendant seeks a blanket finding that 18 U.S.C. § 207 would not apply to any testimony that Robertson might give, whether lay or expert, such that he will not be subject to the penalties set forth in 18 U.S.C. § 216,

persuasive authority indicates that the Court cannot make that determination given the current procedural posture as well as the state of the record in this case.

In *Conrad v. United Instruments, Inc.*, 988 F. Supp. 1223 (W.D. Wisc. 1997), the plaintiffs sought a declaration that the testimony of Allan Lundquist, a retired employee of the Federal Aviation Administration (FAA), "would comply with 18 U.S.C. § 207" and "to declare him immune from any civil and criminal liability attributable to his testimony." *Id.* at 1225. The court in that case "decline[d] to grant plaintiffs' motion because the opinion plaintiffs seek would be purely advisory," in contravention of Article III, Section 2 of the United States Constitution which "limits the power of the federal courts to 'cases' and 'controversies' " and "precludes federal courts from issuing purely advisory opinions." *Id.* The court explained:

> Whether Lundquist will be criminally or civilly liable for the testimony he gives in this matter, should he decide to testify, is not an issue ripe for decision. It rests upon too many contingencies. It need not be decided if Lundquist chooses not to testify, if the government decides not to prosecute or fine him, or if a Grand Jury decides not to issue an indictment in the event the government seeks a criminal prosecution. Should the issue survive these contingencies, it may be resolved by a court applying the law to a record of that which Lundquist actually said. This Court declines to advise the plaintiffs as to the scope of a federal statute in order to resolve a hypothetical and abstract dispute that may never materialize.

*Id.* Similarly, in *In re Air Crash Disaster at Detroit Metropolitan Airport*, 737 F. Supp. 399 (E.D. Mich. 1989), the court denied the parties' motions for a

declaration that two former FAA employees may testify without violating 18 U.S.C. § 207(a).   The court denied the motions because the movants lacked standing and because "the present posture of the record suggests that the issues are not ripe for a judicial interpretation, in that the parties have called upon this Court to issue a purely advisory opinion" as prohibited by Article III.  *Id.* at 401.   The court found that "the motions that are now pending before the Court, represent an effort by the moving parties to secure an advisory opinion as to the scope of a federal criminal statute."  *Id.* at 402.   The court explained:

> In essence, movants have asked this Court to determine in advance whether the respective decisions of Waterman and Morris to testify as experts in this multidistrict litigation will subject them to criminal sanctions under the provisions of [18 U.S.C. § 207].   However, any prosecution under section 207 has yet to materialize.   In fact, the alleged potential prosecution will occur only if (1) Waterman and/or Morris decide to testify, (2) the prosecuting arm of the United States Government decides that their testimony, or any portion thereof, ostensibly violates the [Act] and submits the issue to the grand jury, and (3) the grand jury issues an indictment . . . .

*Id.*

The Court's need to exercise restraint in issuing advisory opinions on matters that are not yet ripe is particularly acute where the resolution of the issue potentially infringes on the Government's broad prosecutorial discretion.   "In our criminal justice system, the Government retains 'broad discretion' as to whom to prosecute."  *Wayte v. United States*, 470 U.S. 598, 607 (1985).   " '[So] long as the prosecutor has probable cause to believe that the accused committed an offense

defined by the statute, the decision whether or not to prosecute, and what charge to bring before a grand jury, generally rests entirely in his discretion.' " *Id.* (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)). The prosecutor's "broad discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review." *Id.*

In her reply brief, Defendant asserts that "this Court has authority to grant the relief requested by Williams," citing *United States v. Rosen*, 599 F. Supp. 2d 690, 698 n.9 (E.D. Va. 2009). (Doc. 98 at 1). In *Rosen*, the defendants sought to introduce at their trial the testimony of J. William Leonard, a retired government official, and subpoenaed Leonard for that purpose. *Id.* Leonard and the government sought to quash that subpoena on the grounds that his testimony was barred by 18 U.S.C. § 207. *Id.* The court rejected the government's arguments "that the § 207 issue is not ripe and any ruling would be an impermissible advisory opinion" as found in *In re Air Crash Disaster*, discussed above. *Id.* at 697. The court wrote, "there can be no serious doubt that a court has the power to adjudicate, i.e., the jurisdiction to decide, whether to quash or enforce its own trial subpoena." *Id.* "Nor is there anything unripe about the question whether the trial subpoena issued to Leonard should be quashed on § 207 grounds. This question is squarely presented by issuance of the subpoena and the motion to quash it." *Id.* The court's explanation of why the case relied on by the government in that case, i.e., *In re Air*

10

*Crash Disaster*, was "sharply distinguishable" from *Rosen* also shows why *Rosen* is distinguishable from this case: unlike in *Rosen*, "no trial subpoena had issued in [*In re Air Crash Disaster*], nor was there any motion to quash that might serve to frame the issue.  Instead, there was only a concern that § 207 might bar an FAA official from appearing as a witness and thus a desire to have a court assuage the concern by issuing, in essence, an advisory opinion." *Id.* at 697-98.  Thus, to the extent that Defendant seeks an advisory opinion that §207(a)(1) does not apply to Mr. Robertson (regardless of whether he offers lay or expert witness testimony) so that he will not face the penalties set forth in 18 U.S.C. § 216, the undersigned **RECOMMENDS** that Defendant's motion be **DENIED** except to the extent agreed to by the Government as stated in their response as discussed above.  (*See* Doc. 93 at 7-8).

### B.    Order Pursuant To 18 U.S.C. § 207(j)(6)(A)

Defendant also requests that the Court issue an order directing that Robertson "testify as an expert, if so qualified at trial, pursuant to § 207(j)(6)(A)." (Doc. 83 at 1).  That section provides:

> Nothing in this section shall prevent an individual from giving testimony under oath, or from making statements required to be made under penalty of perjury.  Notwithstanding the preceding sentence – (A) a former officer or employee of the executive branch of the United States (including any independent agency) who is subject to the restrictions contained in subsection (a)(1) with respect to a particular matter may not, except pursuant to court order, serve as an

expert witness for any other person (except the United States) in that matter[.]

18 U.S.C. § 207(j)(6)(A).  The court in *Rosen* noted that "in adding subsection (j)(6)(A)," Congress made clear that the § 207 scheme clearly contemplates the exercise of jurisdiction in instances where the question whether subsection (a) applies is a necessary antecedent to the question whether an order should issue under subsection (j)."  599 F. Supp. 2d at 698 n 9.[2]  In this case, the question of "whether subsection (a) applies" is not a "necessary antecedent to the question whether an order should issue under subsection (j)."  In the first place, "[a] final determination" of whether Robertson is prohibited by § 207(a)(1) from testifying "is not possible based upon the limited record before the Court.  Nor has [the Government] conclusively determined that [Robertson] falls within subsection (a)(1)."  *Adams v. United States*, No. CV-03-49-E-BLW, 2008 U.S. Dist. LEXIS 105460, at *16 (D. Idaho Dec. 31, 2008).

Moreover, Defendant has not explained why the Court should issue an order directing that Robertson "testify as an expert, if so qualified at trial, pursuant to § 207(j)(6)(A)."  (Doc. 83 at 1).  She has not described what standards apply to the issuance of such an order or explained how she meets that standard.  For example,

---

[2]  While the Court may consider the applicability of § 207(a) in determining whether to issue an order under § 207(j)(6)(A), the undersigned does not read *Rosen* as support for the proposition that the Court can issue an advisory opinion concerning the general applicability of § 207(a)(1) to a former government official, regardless of whether he intends to offer expert or lay testimony.

in *Adams*, the court relied on regulations passed before the 1991 amendments to the Act to fashion a standard for issuance of court orders under § 207(j)(6)(A): "First, what impact would the exclusion of the expert have on Court proceedings and the administration of justice?  Second, to what extent would allowing the expert to testify do violence to the intent and policy behind § 207?" 2008 U.S. Dist. LEXIS 105460, at *17-18.  Regardless of whether that or some other standard governs § 207(j)(6)(A) orders, Defendant did not address the issue.  Nor has she shown that she has complied with Rule 16's disclosure requirements concerning expert witnesses as the Government contends (*see* Doc. 93 at 8) or made any showing that Mr. Robertson is qualified to testify as an expert witness such that the Court should grant the relief Defendant is seeking.  Thus, it is **RECOMMENDED** that Defendant's motion for an order under 18 U.S.C. § 207(j)(6)(A) be **DENIED**.[3]

## II.    Motion For Bill Of Particulars (Doc. 91)

Rule 7(f) provides that "[t]he court may direct the government to file a bill of particulars."  *See* Fed. R. Crim. P. 7(f).  In *United States v. Anderson*, the Eleventh Circuit explained the purpose of a bill of particulars:

> The purpose of a true bill of particulars is threefold:  to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to

---

[3] The undersigned makes no finding on whether Mr. Robertson should or should not be allowed to testify as an expert, as that is a decision left to the discretion of the District Judge, but simply finds that Defendant has not shown why the Court should issue such an order at this time.

> enable him to plead double jeopardy in the event of a later prosecution
> for the same offense.

799 F.2d 1438, 1441 (11th Cir. 1986) (internal quotation omitted).  "A bill of particulars is not required where the information sought has already been provided by other sources, such as the indictment and discovery, and it is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial."  *United States v. Roberts*, 174 Fed. Appx. 475, 477 (11th Cir. 2006) (unpublished decision) (internal citation and quotation omitted); *see also United States v. Repke*, No. 1:10-CR-524-ODE-RGV, 2011 U.S. Dist. LEXIS 37492, at *8 (N.D. Ga. Mar. 11, 2011) (explaining that "[g]eneralized discovery is not a valid reason for seeking a bill of particulars, and a bill of particulars may not be used for the purpose of obtaining detailed disclosure of the government's case or evidence in advance of trial" (internal citation and quotation omitted)).

Defendant requests that the Court direct the Government to provide the following information:

> (i) Identify all persons who the Government contends are unindicted co-conspirators.
> (ii) Identify all persons who the Government contends aided and abetted the bank fraud conspiracy contained in Count 1 and the substantive bank fraud offenses contained in Counts 2 and 3.
> (iii) Identify the date of the line of credit agreement between Southern Community Bank (SCB) and United International Mortgage Corporation (UIM) upon which Counts 1 and 3 are premised and specifically referenced in Count 1 ¶ 5.

      (iv) Identify the basis and/or authority the Government relies upon in contending UIM's use of funds disbursed by SCB was restricted as set out in Count 1 ¶¶ 6, 7, 10, 11.

      (v) Identify the funds, dates of transaction(s), and/or the destination of the funds to have been used by Ms. Williams for her own personal use or for the use of UIM as alleged in Count 1 ¶ 11, unless limited to funds paid to Capital Source Funding LLC on January 24, 2007 as alleged in Count 2.

      (vi) Identify the basis and/or authority the Government relies upon in contending UIM's use of funds disbursed by First Coweta Bank was restricted as set out in Count 1 ¶¶ 13, 14, 17, and 18.

(Doc. 91 at 2). The Government opposes Defendant's motion for a bill of particulars "on the grounds that the requested information (1) is already known by Williams; (2) has already been provided to her in discovery; or, (3) does not meet the legal standards pertaining to bills of particular in the Eleventh Circuit." (Doc. 107 at 8).

## A.   <u>Requests 1 and 2</u>

The Government asserts that it has already identified unindicted co-conspirators and aiders and abettors as they are identified in the indictment by their initials L.L. and D.W., Defendant knows who those people are because they worked for her at UIM, and the Government identified them by name in a September 1, 2015 email. (Doc. 107 at 9). In reply, Defendant points out that the Second Superseding Indictment charges in Counts 1, 2, and 3 that Defendant committed the alleged unlawful acts with "L.L., D.W. and other persons known and unknown to the Grand Jury." (Doc. 117 at 2). Defendant admits she knows

who L.L. and D.W. are but her request is "aimed at 'other persons known and unknown to the Grand Jury.' " (*Id.*).  The Government's response suggests but does not state directly that D.W. and L.L. are the only unindicted co-conspirators and aiders and abettors, i.e., the Government stated that it "has already provided Williams with the names of all unindicted coconspirators and aiders and abettors" and then discussed L.L. and D.W.  (Doc. 107 at 9).  Its response was silent on the identity of "other persons known and unknown to the Grand Jury" or whether other just persons exist.  While the Government does not appear to object to providing the names of all unindicted co-conspirators and aiders and abettors, it is not clear that it has already done so.  Accordingly, Defendant's motion is **GRANTED** to the extent it seeks the identity of unindicted co-conspirators and aiders and abettors other than L.L. and D.W.  The Government should identify all unindicted co-conspirators and aiders and abettors **no later than 14 days** from the date of entry of this Order.  *See, e.g.*, *United States v. Williams*, 113 F.R.D. 177, 178 (M.D. Fla. 1986) ("The Court has surveyed the recent decisions of the Eleventh Circuit discussing motions for bill of particulars, and it appears to be the common practice among courts in this circuit to grant such motions insofar as they request a list of unindicted co-conspirators, as least when that information is not otherwise known to the defendant(s)."); *see also United States v. Abdi*, No. 1:13-cr-00484-JEC-RGV, 2014 U.S. Dist. LEXIS 106650, at *27-28 n.13 (N.D. Ga. June 4, 2014)

(noting that the government "provided defendants with the identifies of all unindicted co-conspirators known to it as requested by" the defendant); *United States v. Elliott*, No. 1:14-CR-00012-AT-JFK, 2014 U.S. Dist. LEXIS 128914, at *24 (N.D. Ga. May 27, 2014) (granting motion for bill of particulars to extent it sought names of unindicted co-conspirators where the government agreed to provide them).

## B.   Request 3

Defendant requests that the Government "[i]dentify the date of the line of credit agreement between Southern Community Bank (SCB) and United International Mortgage Corporation (UIM) upon which Counts 1 and 3 are premised and specifically referenced in Count 1 ¶ 5." The indictment alleges that "[a]t all times relevant to this Indictment, UIM had a line of credit at [SCB], which was subject to the terms and conditions set forth in a written agreement between [SCB] and UIM. The defendant . . . signed this agreement as both President of UIM and as personal guarantor for UIM." (Doc. 84 at ¶ 5). The indictment further alleges that "[p]ursuant to the agreement, UIM was allowed to use its line of credit at [SCB] for only one purpose: funding loans to UIM's customers," and that "[t]he defendant . . . was not permitted to use UIM's line of credit at [SCB] to pay her personal debts and expenses or to pay the debts and expenses of any company she owned." (*Id.* at ¶¶ 6, 7). The Government asserts that "[t]he date of the line of

17

credit agreement between [UIM] and [SCB] is contained in the discovery" it has already provided to Defendant. (Doc. 107 at 10). Defendant responds that "SCB and UIM entered multiple lines of credit agreements during 2006-2008" and therefore requests that the Government identify on "which line of credit agreement(s)" the Government premises the bank fraud charges in Counts 1 and 3. (Doc. 117 at 3). Thus, it is not clear that the Government has identified the date of the line of credit agreement (or agreements if there were more than one) referenced in paragraph 5 the Second Superseding Indictment and which form(s) the basis for the charges against Defendant. Defendant's motion is **GRANTED** as to request 3, and the Government is **DIRECTED** to provide that information to Defendant **no later than 14** days from the date of entry of this Order.

## C.   <u>Requests 4 and 6</u>

Defendant requests that the Government identify "the basis and/or authority the Government relies upon in contending UIM's use of funds" disbursed by SCB and First Coweta Bank "was restricted" as set out in Count 1. (Doc. 91 at 2). The Government asserts that it "is not required to identify the authority upon which it intends to rely to prove its case at trial." (Doc. 107 at 11). The Government is correct. *See Roberts*, 174 Fed. Appx. at 477 (explaining that the purpose of a bill of particulars " 'is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial' "

18

(quoting *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980))); *United States v. Grant*, No. 1:13-CR-107-MHT, 2013 U.S. Dist. LEXIS 164660, at *9 (M.D. Ala. Oct. 11, 2013) ("[A] motion to a bill of particulars is not an appropriate vehicle to compel the Government to provide a legal brief and detailed factual exposition as to how exactly it intends to establish that the armed robbery of a retail store employee constitutes a 'minimal effect' on commerce."). Accordingly, Defendant's motion is **DENIED** as to requests 4 and 6.

    **D.**    **Request 5**

    Defendant requests that the Government "[i]dentify the funds, dates of transaction(s), and/or the destination of the funds to have been used by Ms. Williams for her own personal use or for the use of UIM as alleged in Count 1 ¶ 11, unless limited to funds paid to Capital Source Funding LLC on January 24, 2007 as alleged in Count 2." (Doc. 91 at 2). The Government asserts that it has already provided in discovery "the details concerning how she spent the fraud proceeds" or that Defendant already has that information as she "necessarily knows how she spent the fraud proceeds." (Doc. 107 at 12). The undersigned agrees that Defendant has not shown that the Government is required to provide additional information about the funds Defendant allegedly used for her personal use or for the use of UIM and therefore Defendant's motion is **DENIED** as to request 5. *See, e.g.*, *Elliott*, 2014 U.S. Dist. LEXIS 128914, at *27-28 (denying motion for bill of

particulars seeking "details about the acts in which [the defendant] engaged in commission of the charged offenses," reasoning that "[i]t is doubtful that Defendant could establish that, without the Government providing the details about this evidence, she was not able to prepare a defense to the charged offenses or was surprised.  In a case where the evidence being sought by a bill of particulars consists of activities in which a defendant participated or witnessed, the defendant 'could hardly have been surprised by the government's proof at trial' " (quoting *United States v. Cantu*, 557 F.2d 1173, 1178 (5th Cir. 1977))).

Accordingly, Defendant's motion for bill of particulars (Doc. 91) is **GRANTED** as to requests 1, 2, and 3 and **DENIED** as to requests 4, 5, and 6.

## III.   Motion To Dismiss (Doc. 103)

Defendant argues that her "due process rights have been violated by excessive preindictment delay as to the Second Superseding Indictment as it relates to the Southern Community Bank (hereinafter 'SCB') charges requiring dismissal of the Second Superseding Indictment."[4]  (Doc. 118 at 2).  Defendant moves to dismiss the Second Superseding Indictment for pre-indictment delay pursuant to the Fifth Amendment and Federal Rule of Criminal Procedure 48, requests a hearing on this matter, and requests in the alternative that the Court sever the SCB charges and set the present case for trial on the FCB charges.  (*Id.* at 5-14).

---

[4] Defendant "seeks dismissal of the Second Superseding Indictment in its entirety and proceeding to trial on the Superseding Indictment."  (Doc. 118 at 2 n.1).

A.      **Dismissal For Pre-Indictment Delay**

1.      **Fifth Amendment**

"The limit on pre-indictment delay is usually set by the statute of limitations." *United States v. Foxman*, 87 F.3d 1220, 1222 (11th Cir. 1996).[5] "The Fifth Amendment's Due Process Clause can bar an indictment, however, even if the indictment is brought within the limitations period." *United States v. Witchard*, No. 15-10617, 2016 U.S. App. LEXIS 5617, at *4 (11th Cir. Mar. 25, 2016) (unpublished decision) (citing *United States v. Marion*, 404 U.S. 307, 323-27 (1871) and *United States v. Lovasco*, 431 U.S. 783, 788-91 (1977)). "Under *Lovasco* and *Marion* and our applications of these cases," the defendant must show "that pre-indictment delay caused him actual substantial prejudice and that the delay was the product of a deliberative act by the government designed to gain a tactical advantage." *Foxman*, 87 F.3d at 1222; *see also Witchard*, 2016 U.S. App. LEXIS 5617, at *4 ("The [Due Process] Clause requires dismissal of an indictment if the accused can show that pre-indictment delay (1) caused actual prejudice to the conduct of his defense, and (2) was the product of deliberate action by the government designed to gain a tactical advantage."). "[I]n order to obtain dismissal based on pre-indictment delay, a defendant must show both deliberate

---

[5] The Government points out, and Defendant does not contest, that the statute of limitations for bank fraud and conspiracy is 10 years and therefore the Second Superseding Indictment filed on November 18, 2015 was timely brought. (Doc. 120 at 2 n.1).

delay to gain a tactical advantage and actual prejudice." *Jackson v. Benton*, 315 Fed. Appx. 788, 791 (11th Cir. 2009) (unpublished decision) (citing *Stoner v. Graddick*, 751 F.2d 1535, 1542-43 (11th Cir. 1985)); *see also United States v. Sanders*, No. 3:15-cr-00010-TCB-RGV, 2015 U.S. Dist. LEXIS 147006, at *21 n.15 (N.D. Ga. Oct. 2, 2015) (" 'Both prongs of [the] test must be satisfied to make relief available to a defendant[.]' " (quoting *United States v. Hawes*, No. 5:14-CR-397-RDP-TMP, 2015 U.S. Dist. LEXIS 85296, at *5 (N.D. Ala. July 1, 2015))), *adopted by* 2015 U.S. Dist. LEXIS 146889 (N.D. Ga. Oct. 29, 2015).[6]

A defendant seeking dismissal of an indictment due to pre-indictment delay " 'must demonstrate *actual* prejudice and not merely the real possibility of prejudice inherent in any extended delay.' " *Sanders*, 2015 U.S. Dist. LEXIS 147006, at *22 (quoting *United States v. Heard*, No. 1:12-cr-40 (WLS), 2013 U.S. Dist. LEXIS 66757, at *9 (M.D. Ga. May 10, 2013) (internal quotations omitted)). "Prejudice is demonstrated when the defendant has been 'meaningfully impaired in his ability to defend against the state's charges to such an extent that the

---

[6] Defendant acknowledges that this two-pronged test is "well settled precedent in the Eleventh Circuit," but contends that it is "inconsistent with the balancing test set out by the Supreme Court in *Lovasco*." (Doc. 118 at 6-7). Defendant asserts that "[p]reindictment due process should be determined by a balancing test on a case-by-case basis – not a rigid standard of fault," and under this balancing test "the government's reasons for the delay should be weighed against the prejudicial effects of the delay on the defendant." *Id.* at 7. This Court "is bound by controlling Eleventh Circuit precedent," *Springer v. Wal-Mart Assocs. Grp. Health Plan*, 908 F.2d 897, 900 n.1 (11th Cir. 1990), and therefore the undersigned has applied the two-pronged test discussed above.

disposition of the criminal proceeding was likely affected.' " *United States v. McKoy*, 129 Fed. Appx. 815, 819 (11th Cir. 2005) (unpublished decision) (quoting *Jones v. Angelone*, 94 F.3d 900, 907 (4th Cir. 1996)).  "For the defendant to carry the heavy burden of proving actual prejudice from pre-indictment delay, concrete proof is required; mere speculation and bare allegations will not suffice." *United States v. McCoy*, 977 F.2d 706, 711 (11th Cir. 1992).

Defendant points out that the events giving rise to the charges in this case allegedly occurred in 2007 and 2008, but the Government did not include charges related to SCB until the November 18, 2015 Second Superseding Indictment. (Doc. 118 at 2-4). Defendant further asserts that the Government "has consistently maintained that it did not intend to pursue charges or allegations of other unlawful conduct by Ms. Williams aside from the allegations concerning FCB and MSB contained in the Indictment including, but not limited to, acts related to SCB." (*Id.* at 4).  Thus, Defendant contends, "[b]ased on the Government's position over the last two and a half years, [she] had not previously prepared to defend against allegations and charges concerning SCB." (*Id.*).  She concedes that she "cannot show actual substantial prejudice at this time in the form of lost evidence or deceased witnesses," but she asserts that she "has been prejudiced . . . in that she has relied on the government's consistent representations since prior to the return of the Indictment in 2013 that it did not intend to pursue any charges related to

23

SCB." (*Id.* at 8).  She asserts that her "trial strategy and theory of defense developed over the past years as it related to the FCB changes in the Indictment and Superseding Indictment will have to be altered as a result of the SCB charges," and that she "has had little if any incentive to preserve evidence related to SCB." (*Id.*).  Defendant also speculates about "presumptive prejudice in the passage of time" attendant to further delay of her trial caused by the filing of the Second Superseding Indictment, including the possible loss of memory of witnesses and lack of availability of evidence.  (*Id.* at 8-10).

The undersigned finds that Defendant has not shown actual substantial prejudice caused by the delay.  In the first place, she candidly concedes that she cannot make that showing "in the form of lost evidence or deceased witnesses." (Doc. 118 at 8).  *See, e.g.*, *Heard*, 2013 U.S. Dist. LEXIS 66757, at *8-9 ("Heard Sr.'s concession he cannot show prejudice is fatal to his motion to dismiss."). Moreover, she has made no showing that she has not been able to prepare for trial due to the delay or that the fairness of her trial will be impaired.  Her concerns about potential prejudice caused by the delay and assertions of "presumptive prejudice" (*see* Doc. 118 at 8-10) are insufficient to satisfy the actual prejudice prong.  "[A]ctual prejudice and not merely the real possibility of prejudice inherent in any extended delay . . . is a necessary element which must be shown before the restraints of the due process clause will be applied to bar a prosecution because of

a delay." *United States v. Willis*, 583 F.2d 203, 208 (11th Cir. 1978) (quoting *United States v. McGough*, 510 F.2d 598, 604 (5th Cir. 1975)).  Accordingly, the undersigned finds that Defendant has not demonstrated that the pre-indictment delay in this case caused actual prejudice to the conduct of her defense.  *See e.g.*, *Sanders*, 2015 U.S. Dist. LEXIS 147006, at *22-25 (finding that the defendant's conclusory assertions that the pre-indictment delay had caused witnesses to become unavailable and allowed co-defendants and witnesses to change their stories were not sufficient to show actual prejudice); *United States v. Thomas*, No. 1:12-cr-188-TWT/AJB, 2012 U.S. Dist. LEXIS 185403, at *16 (N.D. Ga. Dec. 31, 2012) (finding that the defendants had "not asserted a single fact beyond their conclusory allegations in support of their contention that any delay cause them to suffer prejudice"), *adopted by* 2013 U.S. Dist. LEXIS 12275 (N.D. Ga. Jan. 30, 2013).

Because the undersigned finds that Defendant has not met her burden of showing that the pre-indictment delay has caused actual prejudice, it is unnecessary to reach the issue of whether Defendant has shown that the delay was the product of deliberate action by the Government designed to gain a tactical advantage.  *See, e.g.*, *United States v. Corbin*, 734 F.2d 643, 647-48 (11th Cir. 1984) ("We need not reach the question of whether the delay was intended to gain tactical advantage, because the defendants have made no showing that they were

prejudiced by the delay."); *United States v. Campbell*, No. 1:04-CR-0424-RWS, 2005 U.S. Dist. LEXIS 47046, at *20 (N.D. Ga. Oct. 24, 2005) ("Because the Court finds that Defendant failed to meet this threshold burden [of showing actual prejudice], it need not address the question of whether the pre-indictment delay was occasioned by the Government's desire to obtain a tactical advantage.").

It is therefore **RECOMMENDED** that Defendant's motion to dismiss the Second Superseding Indictment pursuant to the Fifth Amendment based on pre-indictment delay be **DENIED**.

### 2.   Rule 48

Defendant also moves to dismiss the Second Superseding Indictment under Rule 48(b) "due to the preindictment delay as to the SCB related allegations." (Doc. 118 at 12). That Rule provides that "[t]he court may dismiss an indictment . . . if unnecessary delay occurs in: (1) presenting a charge to a grand jury." FED. R. CRIM. P. 48(b)(1). Rule 48(b) " 'vests much discretion in the trial court, and dismissal is mandatory only if the defendant's constitutional rights have been violated.' " *United States v. Knight*, 562 F.3d 1314, 1324 (11th Cir. 2009) (quoting *United States v. Dunn*, 345 F.3d 1285, 1297 (11th Cir. 2003)). As discussed above, the undersigned finds that Defendant's Fifth Amendment due process rights have not been violated by the pre-indictment delay because she has not shown that the delay caused actual prejudice, and it is therefore

26

**RECOMMENDED** that Defendant's motion to dismiss the Second Superseding Indictment pursuant to Rule 48(b)(1) be **DENIED**.  *See, e.g.*, *Heard*, 2013 U.S. Dist. LEXIS 66757, at *8-9 (denying Rule 48(b) motion to dismiss for pre-indictment delay because the defendant did not demonstrate actual prejudice).

### 3.    <u>Request For Hearing</u>

Defendant "requests a hearing on this matter" (Doc. 118 at 5), but she did not provide any factual or legal basis to support her request. In her reply, she asserts that she "should be granted an evidentiary hearing in order to make a record regarding the reasons for the delay" (Doc. 122 at 2), but as discussed above, the Court need not reach that issue because Defendant has made no showing of actual prejudice.  *See, e.g.*, *Campbell*, 2005 U.S. Dist. LEXIS 47046, at *20.  Therefore, it is **RECOMMENDED** that Defendant's request for a hearing be **DENIED** and that her motion to dismiss for pre-indictment delay be **DENIED** without a hearing. *See, e.g.*, *United States v. Radue*, 707 F.3d 493, 495-96 (11th Cir. 1983) (finding that the magistrate judge properly denied the defendant's request for hearing on his motion to dismiss for pre-indictment delay where the defendant "pointed to no specific facts or evidence to support his claim of intentional government delay"); *United States v. Rosso*, No. 3:14-CR-00014-TCB, 2015 U.S. Dist. LEXIS 153609, at *6-7 (N.D. Ga. Nov. 12, 2015) (denying motion to dismiss for pre-indictment delay without a hearing because "[e]ven if Rosso could allege that the delay was

deliberate, she had not made a showing of actual, substantial prejudice"); *Thomas*, 2012 U.S. Dist. LEXIS 185403, at *16-17 (finding that an evidentiary hearing on the defendants' motion to dismiss for pre-indictment delay was not required where the defendants did not assert any facts to support their conclusory allegations about prejudice and the reasons for the delay).

### 4. <u>Severance</u>

As alternative relief in the event the Court denies her motion to dismiss, Defendant "requests this Court sever the SCB charges and set the present case for trial on the FCB charges." (Doc. 118 at 13). Defendant did not provide any factual or legal support for her request, however, other than to stand on her arguments in support of her request to dismiss the indictment. (*See id.*). The undersigned has nevertheless considered whether a basis exists to sever the offenses related to SCB from those related to FCB and finds that severance is not required.

Rule 8(a) governs the joinder of counts and provides as follows:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

FED. R. CRIM. P. 8(a). Here, as alleged in the Second Superseding Indictment (*see* Doc. 84) and as discussed by the Government in response to Defendant's motion

(*see* Doc. 120 at 11-14), the offenses related to SCB and FCB appear to be "of the same or similar character" and "are connected with or constitute parts of a common scheme or plan."  Thus, those offenses were properly joined under Rule 8(a).  *See, e.g.*, *United States v. Dominguez*, 226 F.3d 1235, 1238-42 (11th Cir. 2000) (finding that drug-related and mortgage fraud-related charges were not improperly joined because they were "acts or transactions connected together or constituting parts of a common scheme or plan," based on the Government's representations made in response to the defendant's motion to sever).

Moreover, Defendant has not shown that the offenses should be severed to prevent undue prejudice to her pursuant to FED. R. CRIM. P. 14(a).  Rule 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  To justify reversal of a conviction based on failure to sever properly jointed counts, a defendant "must demonstrate that he received an unfair trial and suffered compelling prejudice."  *United States v. Walser*, 3 F.3d 380, 386 (11th Cir. 1993) (quotation omitted).  "This is a heavy burden, and one which mere conclusory allegations cannot carry."  *Id.*  (quotation omitted).  The court explained in *Walser*:

> The test for assessing compelling prejudice is whether under all the circumstances of a particular case it is within the capacity of jurors to

follow a court's limiting instructions and appraise the independent evidence against a defendant solely on that defendant's own acts, statements, and conduct in relation to the allegations contained in the indictment and render a fair and impartial verdict.

*Id.* at 386-87.   Furthermore, "if the possible prejudice may be cured by a cautionary instruction[,] severance is not required."   *Id.* at 387.

Here, Defendant presumably contends that she will suffer "compelling prejudice" for purposes of severance under Rule 14 based on pre-indictment delay in bringing the SCB-related offenses, including the potential for "dimm[ed] memories," "loss of exculpatory evidence," or unavailable witnesses.  (Doc. 118 at 8-10).  But she has not made any proffer to show that those harms are present in this case.  Nor has she shown why severance would minimize those risks.  Even if the SCB-related offenses were severed, they would still have to be tried unless the Court dismisses them.   Furthermore, if Defendant demonstrates compelling prejudice at trial, the trial court can order that the trial of the counts be severed. *See, e.g.*, *United States v. Kopituk*, 690 F.2d 1289, 1316 (11th Cir. 1982) (noting that the trial court has a "continuing duty at all stages of the trial to grant a severance if prejudice does appear" (internal quotation omitted)).  The undersigned finds that Defendant has not shown that trying the SCB and FCB-related offenses together would cause her to receive an unfair trial or suffer compelling prejudice. It is therefore **RECOMMENDED** that Defendant's motion to sever be **DENIED**.

## Summary

Defendant's Motion For Bill Of Particulars (Doc. 91) is **GRANTED in part and DENIED in part**.  It is **RECOMMENDED** that Defendant's Motion For Order Pursuant To 18 U.S.C. § 207 (Doc. 83) be **GRANTED in part and DENIED in part** and that her Motion and Supplemental Motion To Dismiss Indictment Based On Pre-Indictment Delay (Docs. 103, 118) be **DENIED**.

**IT IS ORDERED** that, subject to a ruling by the District Judge on any objections to orders or recommendations of the undersigned Magistrate Judge, this case is **certified ready for trial.**

**IT IS SO ORDERED, REPORTED AND RECOMMENDED** this 1st day of April, 2016.

 /s/ *J. CLAY FULLER*
J. CLAY FULLER
United States Magistrate Judge

31